UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEO ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-0601-B |
| § | |
| WELLS FARGO BANK NA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, NA ("Wells Fargo")'s Motion to Strike (Doc. 14). For the reasons that follow, the Court finds that Plaintiff Leo Robinson's amended complaint is futile and that granting leave to amend would cause undue delay. Therefore, the Court **GRANTS** Wells Fargo's motion and **STRIKES** Robinson's amended complaint (Doc. 13). Additionally, the Court **ORDERS** Robinson to **SHOW CAUSE**, in writing and by no later than **JUNE 18, 2021**, why the Court should not dismiss his original petition (Doc. 1-4) for failure to state a claim upon which relief could be granted.

### I.

### BACKGROUND[1]

This lawsuit arises from Defendants Wells Fargo and US Bank NA ("US Bank")'s alleged foreclosure sale of a property located in Dallas, Texas ("the Property"). Doc. 13, Am. Compl., ¶¶ 9–14. Robinson claims that he purchased the Property and "rehabbed the home to a habitable

---

[1] The Court derives the factual background from Robinson's amended complaint (Doc. 13) and the docket.

- 1 -

condition, spending over $400,000.00 in repairs[.]" *Id.* ¶ 8. Robinson claims that at some point, "the previous owner . . . attempted to regain ownership of the [P]roperty," but that "a [j]udgment was issued awarding [Robinson] ownership of the [P]roperty on September 13, 2016." *Id.* ¶¶ 8–9. After receiving the judgment, Robinson claims that he "made several attempts to pay off the balance of the loan" on the Property but that Defendants—who held a mortgage loan on the Property—rejected his attempts. *Id.* ¶ 10. He also claims that he "notified Defendants of the . . . [j]udgment awarding him the [P]roperty," but that Defendants "entered into foreclosure proceedings on the [P]roperty" anyway. *Id.* ¶ 11. Robinson alleges that he "was never notified of this foreclosure proceeding, and Defendants produced fraudulent documents to accomplish their action to wrongfully foreclose on [Robinson]'s property." *Id.* ¶ 12.

On January 27, 2020, Robinson filed a *pro se* petition against Wells Fargo in Texas state court, alleging that Wells Fargo violated Texas Property Code (TPC) § 51.002. Doc. 1-4, Original Pet., 1–4. Namely, Robinson's petition alleges that Wells Fargo rejected Robinson's attempts "to pay off leins [sic] on the [P]roperty" and "fail[ed] to notify" Robinson of the foreclosure sale. *Id.* at 3. Wells Fargo removed the case to this Court on March 10, 2020, invoking diversity jurisdiction. Doc. 1, Notice of Removal, 1. Robinson subsequently retained counsel, who filed a notice of appearance with the Court on June 18, 2020. *See generally* Doc. 5, Notice of Appearance. The Court issued a scheduling order on July 20, 2020, requiring all pleading amendments to be filed by December 23, 2020. Doc. 8, Scheduling Order, 1.

On December 23, 2020—the last day to amend pleadings—Robinson filed an amended complaint (Doc. 13). Despite the fact that the scheduling order requires parties to comply with

Federal Rule of Civil Procedure 15(a), Doc. 8, Scheduling Order 2, Robinson did not receive the Court's leave or Wells Fargo's consent to amend. *See* Fed. R. Civ. P. 15(a)(2). The eight-page amended complaint adds US Bank as a defendant and again alleges a violation of TPC § 51.002 for Defendants' alleged "[f]ailure to send notice" of the foreclosure sale. Doc. 13, Am. Compl., ¶¶ 16–18. It also adds new claims under the Texas Debt Collection Act (TDCA). *Id.* ¶ 20. The amended complaint does not allege any claims against US Bank individually. *See generally id.*

On January 6, 2021, Wells Fargo moved to strike Robinson's amended complaint on the grounds that it was filed without the Court's leave and is otherwise futile. Doc. 15, Def.'s Br., 4–5. Robinson failed to respond to Wells Fargo's motion within twenty-one days, as required by local rules. *See* N.D. Tex. Local Civ. R. 7.1(e). After the Court ordered Robinson to show cause for his failure to timely respond to the motion, *see* Doc. 18, Electronic Order, Robinson explained that his failure to respond "was due to a miscommunication on [Robinson]'s counsel's part." Doc. 19, Pl.'s Resp. to Order, 1. Yet, Robinson still did not file a response for another two months. Only after the Court ordered a response, *see* Doc. 24, Electronic Order, did Robinson respond to Wells Fargo's motion. *See generally* Doc. 25, Pl.'s Resp. In his response, Robinson seeks leave to admit his amended complaint. Doc. 25, Pl.'s Resp., 3. Wells Fargo timely filed a reply (Doc. 27) in support of its motion on May 11, 2021. The motion to strike is now ripe for review.

## II.

## LEGAL STANDARD

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court[.]" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Under Rule 15(a),

courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Although Rule 15 indicates "a bias in favor of granting leave to amend, it is not automatic." *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 314 (5th Cir. 1996) (quotation marks and citations omitted). A district court must have a "substantial reason" to deny leave, but the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted). In applying its discretion, the Court considers several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (alterations incorporated) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent one of these factors, leave should be freely given. *Id.* (citing *Foman*, 371 U.S. at 182).

## III.

## ANALYSIS

Wells Fargo argues that Robinson's amended complaint should be stricken because Robinson failed to seek leave and the amended complaint is futile. Doc. 15, Def.'s Br., 4–5. In his response, Robinson argues that he "should be granted leave to file an amended complaint regarding his claims against Defendant[s], to give him the opportunity to allege his best case." Doc. 25, Pl.'s Resp., 3. Robinson concedes "that he failed to timely file his motion for leave to amend." *Id.* at 2. However, he points to Rule 15(a)(2) and related caselaw, and claims that "justice would entail that" his

- 4 -

amended complaint "be allowed[.]" *Id.* at 2–3. Upon review, the Court concludes that Robinson's amended complaint is futile. Moreover, the Court finds that due to Robinson's failure to respond to Wells Fargo's motion to strike, permitting the amendment would cause undue delay. Accordingly, Robinson's amended complaint should be stricken.

A. *Robinson's Amended Complaint Is Futile.*

"The district court may deny leave to amend if the amendment would be futile because 'the amended complaint would fail to state a claim upon which relief could be granted.'" *McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017) (per curiam) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). In other words, an amended complaint is futile if it could not withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Accord Searcy v. CitiMort., Inc.*, 2019 WL 935587, at *6 (N.D. Tex. Feb. 26, 2019) ("Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted.").

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson v. City of Shelby*, 547 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet

this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted and alterations incorporated). In considering a Rule 12(b)(6) motion to dismiss, "[t]he [C]ourt accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

Wells Fargo argues that Robinson's amended complaint "cannot withstand scrutiny under Rule 12(b)(6)" and is therefore futile. Doc. 15, Def.'s Br., 4. The Court agrees.

1.      Robinson fails to sufficiently plead a violation of the TPC.

In his amended complaint, Robinson claims that "Defendants failed to notify" him of the foreclosure sale in violation of TPC § 51.002. Doc. 13, Am. Compl., ¶¶ 16–17. Pursuant to the TPC, "notice of the [foreclosure] sale . . . must be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." Tex. Prop. Code § 51.002(b). Robinson fails to assert a claim under the TPC for two reasons.

First, Robinson's amended complaint does not sufficiently allege Robinson was entitled to the twenty-one-day notice of the foreclosure sale because it does not allege facts showing that he was a "debtor" under § 51.002. Robinson's amended complaint states only that he "purchased the [P]roperty" and that he "made several attempts to pay off the balance of the loan," but that

Defendants rejected these attempts. Doc. 13, Am. Compl., ¶¶ 8, 10. However, Robinson does not allege or provide evidence that he was the borrower under the loan with Defendants or that he otherwise assumed the loan when he purchased the Property. *See generally id.* Robinson's amended complaint provides no factual allegations to inform the Court of the nature of Robinson's claim to the Property, his relationship to Defendants, or the legal rights that Robinson may possess. *See generally id.* Accordingly, Robinson has not sufficiently alleged that he was entitled to notice.

Second, even if Robinson had alleged he was a debtor under the TPC and that Defendants failed to notify him, § 51.002 does not provide a private right of action. *See Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (citation omitted); *Ashton v. BAC Home Loan Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism." (citations omitted)); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) ("Section 51.002 of the [TPC] . . . does not provide a private right of action." (citations omitted)); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) ("Under Texas law, there is no independent cause of action for breach of section 51.002" (citation omitted)). Instead, "courts have construed claims for violation of section 51.002 as claims for wrongful foreclosure." *Carey*, 2016 WL 4246997, at *3 (collecting cases). This Court does the same and finds that Robinson fails to state a claim for wrongful foreclosure.

The elements of a wrongful-foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Under Texas law, "a

grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Id.* (quoting *F.D.I.C. v. Blanton*, 918 F.2d 524, 531–32 (5th Cir. 1990)). Although Robinson alleges a defect in the foreclosure proceedings—lack of notice—he fails to allege that the Property was sold at a grossly inadequate price and that the lack of notice caused the grossly inadequate selling price. *See generally* Doc. 13, Am. Compl. Therefore, Robinson's amended complaint fails to adequately allege a claim for wrongful foreclosure. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (5th Cir. 2011) ("[U]nder Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action[.]").

In sum, Robinson does not plead an actionable claim under the TPC. Accordingly, the Court finds that Robinson's TPC claim could not survive a Rule 12(b)(6) motion to dismiss and that his amended pleading is therefore futile as to this claim. *See McGee*, 680 F. App'x at 291 (citation omitted).

    2. <u>Robinson fails to sufficiently plead a violation of the TDCA.</u>

In his amended complaint, Robinson claims that "Defendants are liable to [Robinson] for violating portions of the" TDCA. Doc. 13, Am. Compl., ¶ 20. Specifically, Robinson claims that Defendants violated §§ 392.304(a)(8) and 392.304(a)(19) of the Texas Finance Code. *Id.* However, Robinson's amended complaint fails to plead a claim for either violation that would survive a Rule 12(b)(6) motion to dismiss.

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding[.]" Tex. Fin. Code § 392.304(a)(8). To state a claim for a violation of § 392.304(a)(8),

Robinson "must show [Defendants] made a misrepresentation that led [him] to be unaware (1) that [he] had a mortgage debt, (2) of the specific amount [he] owed, or (3) that [he] had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

However, Robinson's amended complaint is completely devoid of any mention of misrepresentations made by Defendants, except for a single, conclusory statement that "Defendants produced fraudulent documents to accomplish their action to wrongfully foreclose on [Robinson]'s property." Doc. 13, Compl., ¶ 12. Robinson cannot therefore succeed on a claim under § 392.304(a)(8) because he has not plead any facts to support that any alleged misrepresentation "led [Robinson] to be unaware (1) that [he] had a mortgage debt, (2) of the specific amount [he] owed, or (3) that [he] had defaulted." *See Rucker*, 806 F.3d at 832; *Smith v. Wells Fargo Bank, N.A.*, 2013 WL 3324195, at *12 (N.D. Tex. June 28, 2013) ("To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiffs' debt." (citations omitted)).

Nor has Robinson adequately pleaded a violation of the catch-all provision, § 392.304(a)(19), which prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). "As with Section 392.304(a)(8), for a statement to constitute a misrepresentation [under § 392.304(a)(19)], a defendant must have made 'a false or misleading assertion.'" *Smith*, 2013 WL 3324195, at *13 (quoting *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012); *Cox. v. Hilco Receivables*, 726 F. Supp. 2d 659, 667 (5th Cir. 2010)). However, Robinson "do[es] not allege how

Defendant[s] used a false representation or deceptive means or even what false representations were made." *See id.* Accordingly, Robinson's amended complaint fails to allege facts that would state a claim upon which relief can be granted under the TDCA. Thus, his TDCA claims are futile. *See McGee*, 680 F. App'x at 291 (citation omitted).

    3.    <u>Robinson fails to sufficiently plead a claim for exemplary or punitive damages.</u>

In his amended complaint, Robinson requests exemplary and punitive damages because "[t]he conduct of Defendants . . . has been done willfully, recklessly, wantonly, maliciously and/or intentionally." Doc. 13, Am. Compl., ¶ 24. Insofar as Defendants' "conduct" refers to Robinson's claims for violations of the TPC and TDCA, the Court has already found that Robinson failed to allege sufficient facts to plead those violations. And Robinson offers no additional facts or claims to form the basis of his request for exemplary and punitive damages. *See generally id.* Accordingly, the Court finds that Robinson has failed to allege facts to show that he is entitled to exemplary or punitive damages. Robinson's amended complaint is therefore futile in this request. *See McGee*, 680 F. App'x at 291 (citation omitted).

    4.    <u>Robinson fails to sufficiently plead a claim for injunctive relief.</u>

Robinson does not have a plausible underlying legal claim, so he is not entitled to injunctive relief. Under Texas law, injunctive relief is an equitable remedy, not an independent cause of action. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

Here, Robinson has failed to allege enough facts to state a claim upon which relief can be granted under the TPC or TDCA. Accordingly, he is not entitled to relief on any of his substantive

claims or on his claim for injunctive relief. *See Anderson*, 2011 WL 1113494, at *7 ("As all of Plaintiffs' causes of action should be dismissed, and Plaintiffs have failed to allege sufficient facts to support their claims, Plaintiffs are not entitled to injunctive relief."). Robinson's amended complaint is therefore futile in his request for injunctive relief. *See McGee*, 680 F. App'x at 291 (citation omitted).

   5. <u>Robinson fails to sufficiently plead a claim for declaratory judgment.</u>

Having failed to allege a viable underlying claim, Robinson is not entitled to declaratory judgment either. Declaratory judgment is "remedial only." *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). The Court may only grant such a remedy "based on an underlying claim." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626 (N.D. Tex. 2011). Robinson has failed to state a claim that could withstand a Rule 12(b)(6) motion to dismiss. Accordingly, he is not entitled to declaratory judgment in this case. *See id.* at 627 ("[T]here is no genuine dispute of material fact regarding Plaintiffs [sic] claims; thus, there is no underlying claim for the Court to adjudicate."). Robinson's amended complaint is therefore futile in its request for declaratory judgment. *See McGee*, 680 F. App'x at 291 (citation omitted).

   6. <u>Robinson fails to sufficiently plead a claim for attorney's fees.</u>

Finally, Robinson cannot succeed on his request for attorney's fees. *See* Doc. 13, Am. Compl., ¶ 33(g). In Texas, plaintiffs are not entitled to attorney's fees unless they state a viable cause of action. *See Avila v. Mortg. Elec. Reg. Sys., Inc.*, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012) ("[W]ithout a viable cause of action, [the plaintiff] is not entitled to recover attorney's fees."); *see also Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at * 6 (S.D. Tex. Jan. 22, 2013) ("[Plaintiffs]

are not entitled to their requested attorney's fees . . . because they have not pled any viable cause of action against Defendant"). Because there is no viable claim alleged, Robinson is not entitled to attorney's fees. Robinson's amended complaint is therefore futile in its request for attorney's fees. *See McGee*, 680 F. App'x at 291 (citation omitted).

Robinson's amended complaint fails to allege facts sufficient to state any claim upon which relief could be granted.[2] Therefore, his amended complaint is futile. *See id.*

B.  *Undue Delay Weighs Against Granting Leave to Amend.*

While not determinative in the Court's decision to strike Robinson's amended complaint, the Court also finds that undue delay weighs against permitting the amendment. The Court may deny leave to amend for "undue delay[.]" *Rosenzweig*, 332 F.3d at 864 (citation omitted). While the "mere passage of time need not result in refusal of leave to amend," it is "undue delay that forecloses amendment." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Robinson filed his amended complaint on December 23, 2020. *See generally* Doc. 13, Am. Compl. Although the amendment was filed within the period permitted by the scheduling order, *see* Doc. 8, Scheduling Order, 1, the amendment ran afoul of the Court's requirement to comply with Rule 15(a). *See id.* at 2. Specifically, Robinson failed to obtain "the opposing party's consent or the [C]ourt's leave." *see* Fed. R. Civ. P. 15(a)(2). And while Robinson's filing of his amended complaint did not unduly delay this case, Robinsons' failure to respond to Wells Fargo's motion to strike the amended complaint did.

---

[2] Wells Fargo also argues that Robinson's amended complaint is futile insofar as Robinson alleges claims of superior title to the Property, constitutional violations, and fraud. Doc. 15, Def.'s Br., 12–16. The Court does not construe Robinson's amended complaint as asserting such claims and thus does not reach a decision on those arguments. *See generally* Doc. 13, Am. Compl.

Indeed, Robinson filed his response in support of his amended complaint 113 days after Wells Fargo filed its motion to strike—only after the Court issued two separate orders related to his failure to respond. *See generally* Doc. 14, Def.'s Mot.; Doc. 18, Electronic Order; Doc. 24, Elecronic Order; Doc. 25, Pl.'s Resp. Between the end of the twenty-one-day period that Robinson should have responded to the motion to strike and the time he actually did so, the deadlines passed for Wells Fargo's expert designation and report and for the completion of mediation. *See* Doc. 8, Scheduling Order, 1. By the time Robinson responded, only twenty-three days remained until the deadline for completion of discovery. *See id.* When Wells Fargo timely filed its reply to Robinson's response, only nine days remained. *See id.* The discovery deadline has now passed. *See id.* Permitting Robinson's amended complaint would likely require amending the scheduling order and prolonging this case further, as Wells Fargo would need additional time to address Robinson's new claims and conduct additional discovery, and US Bank—a new defendant—would need to begin the litigation process in this case anew.

This delay is undue in light of Robinson's initial failure to respond to Wells Fargo's motion, as well as his failure to respond after the Court's first order regarding that initial failure. *See* Doc. 19, Pl.'s Resp. to Order, 1 (explaining that Robinson's failure to respond "was due to a miscommunication on [Robinson]'s counsel's part"); *see also Thrasher v. Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) ("Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985))). While undue delay is not the Court's sole reason for denying leave to amend in

this case, it certainly weighs in favor of the Court's decision.

## IV.

## CONCLUSION

For the reasons stated above, Robinson's amended complaint is futile, and granting leave to amend would cause undue delay in this case. Accordingly, the Court **GRANTS** Wells Fargo's motion (Doc. 14) and **STRIKES** Robinson's amended complaint (Doc. 13).

Finally, Robinson's original petition (Doc. 1-4) does not appear to state a claim upon which relief could be granted. Therefore, the Court **ORDERS** Robinson to **SHOW CAUSE**, in writing and by no later than **JUNE 18, 2021**, why the Court should not dismiss his original petition (Doc. 1-4).

**SO ORDERED.**

**SIGNED: June 4, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE