UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEO ROBINSON, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. 3:20-CV-0601-B
§
WELLS FARGO BANK, NA, §
§
Defendant. §

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Wells Fargo Bank, NA ("Wells Fargo")'s Motion for Summary

Judgment (Doc. 33). For the reasons that follow, the Court **GRANTS** Wells Fargo's motion and

**DISMISSES** Plaintiff Leo Robinson's petition **WITH PREJUDICE**. Additionally, the Court

**DENIES** Robinson's motion to strike, as set forth in his response to Wells Fargo's motion. *See* Doc.

38, Pl.'s Resp., 2–3. Finally, because this Order is dispositive of this case, Robinson's Motion to

Withdraw Deemed Admissions (Doc. 37) is **MOOT**.

## I.

## BACKGROUND[1]

This lawsuit arises from Wells Fargo's foreclosure sale of a property located in Dallas, Texas

("the Property"). Doc. 34, Def.'s Br., 3; Doc. 38, Pl.'s Resp., 1. On October 26, 2005, the

then-owners ("Previous Owners") of the Property "executed a note and a Texas Home Equity

Security Instrument" (the "Note" and the "Security Instrument," respectively) that "was secured by

---

[1] The Court derives these facts from the parties' briefing. Unless otherwise indicated, citations to the parties' exhibits and appendices are omitted.

the [P]roperty[.]" Doc. 34, Def.'s Br., 2. On January 17, 2014, Robinson purchased the Property from the Previous Owners and claims to have "rehabbed the home to a habitable condition, spending over $400,000.00 in repairs[.]" Doc. 38, Pl.'s Resp., 1; Doc. 38-1, Pl.'s Exs., 4–5. The Previous Owners authorized Wells Fargo to release loan information to Robinson and to accept payments on the Note. *See* Doc. 38-1, Pl.'s Exs., 8–9. Robinson made payments on the Note, which were accepted by Wells Fargo, "from February 2014 until October of 2014." Doc. 38, Pl.'s Resp., 7.

Robinson claims that the Previous Owners "attempted to regain ownership of the [P]roperty," but that a "[j]udgment was issued awarding [Robinson] ownership of the [P]roperty on September 13, 2016." *Id.* at 1. After receiving the judgment, Robinson states that he "made several attempts to pay off the balance of the loan" on the Property and "notified [Wells Fargo] of the . . . [j]udgment awarding him the [P]roperty," but that Wells Fargo rejected his attempts. *Id.* at 2.

At some point, the Previous Owners "defaulted on their [l]oan obligations," and Wells Fargo thus "took steps to foreclose the Security Instrument lien." Doc. 34, Def.'s Br., 3. Wells Fargo then "entered into foreclosure proceedings on the [P]roperty," Doc. 38, Pl.'s Resp., 2, and the Property was sold at a foreclosure sale on September 5, 2017. Doc. 34, Def.'s Br., 3. Robinson alleges he "was never notified of this foreclosure proceeding, and [Wells Fargo] produced fraudulent documents to accomplish [its] action to wrongfully foreclose on" the Property. Doc. 38, Pl.'s Resp., 2.

On January 27, 2020, Robinson filed a pro se petition against Wells Fargo in Texas state court, alleging that Wells Fargo violated Texas Property Code (TPC) § 51.002. Doc. 1-4, Original Pet., 2–4. Wells Fargo removed the case to this Court on March 10, 2020, invoking the Court's diversity jurisdiction. Doc. 1, Notice of Removal, 1. Robinson subsequently retained counsel, who filed a notice of appearance with the Court on June 18, 2020. *See generally* Doc. 5, Notice. By a

Memorandum Opinion and Order dated June 4, 2021, the Court struck an amended complaint filed by Robinson due to undue delay and futility. Doc. 28, Mem. Op. & Order, 1. Thus, Robinson's original pro se petition remains the operative complaint in this case.

Wells Fargo filed a motion for summary judgment on July 6, 2021, seeking dismissal of Robinson's claims with prejudice. Doc. 33, Def.'s Mot., 1. Robinson filed a response on July 28, 2021, in which he also moves to strike Wells Fargo's motion for untimeliness. *See generally* Doc. 38, Pl.'s Resp. On August 11, 2021, Wells Fargo filed a reply (Doc. 41) in support of its motion for summary judgment and in opposition of Robinson's motion to strike. The motions are ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted).

Once the summary-judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue

- 3 -

exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis and quotation marks omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary[-]judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations incorporated) (quotations marks omitted). But the Court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation and quotation marks omitted). If the non-movant is unable to make the required showing, the Court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

The Court first addresses Robinson's motion to strike and denies it. Next, the Court addresses Robinson's claims, in turn, and determines that summary judgment is proper in favor of Wells Fargo on each. Finally, the Court finds that Robinson's motion to withdraw is moot in light of the dismissal of Robinson's petition and because the Court does not rely upon the admissions in this Order.

A.    *Robinson's Motion to Strike Is Denied.*

In his response to Wells Fargo's motion to strike, Robinson moves to strike Wells Fargo's motion as untimely. Doc. 38, Pl.'s Resp., 2–3. Robinson argues that Wells Fargo "failed to comply

with this Court's order setting deadlines by filing its motion for summary judgment out of time and making no effort to seek leave to do so[.]" *Id.* at 3. Specifically, Robinson takes issue with the fact that Wells Fargo filed its motion for summary judgment on July 6, 2021, even though the Court imposed a deadline of July 5, 2021, to file dispositive motions. *Id.*; *see generally* Doc. 32, Electronic Order; Doc. 33, Def.'s Mot.

The Court declines to strike Wells Fargo's motion. As Wells Fargo points out, "July 5, 2021, . . . was a national holiday, because Independence Day (July 4, 2021) fell on a weekend day." Doc. 41, Def.'s Reply, 1. And pursuant to Federal Rule of Civil Procedure 6(a)(1)(c), "if the last day" of a period—such as the period to file dispositive motions—"is a . . . legal holiday, the period continues to run until the end of the next day that is not a . . . legal holiday." Thus, Wells Fargo's motion for summary judgment (Doc. 33) was not untimely filed. Moreover, the Court has "broad discretion under Rule 6(b) to expand filing deadlines." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275–76 (5th Cir. 2015) (citation omitted). Thus, even if Rule 6 did not automatically do so, the Court finds good cause to expand the deadline to July 6, 2021, in observation of the national holiday. Any neglect on Wells Fargo's part to comply with the deadline is excusable in light of the national holiday and Rule 6(a)(1)'s method of computation. *See* Fed. R. Civ. P. 6(b).

Accordingly, the Court **DENIES** Robinson's motion to strike. The Court turns to the merits of Wells Fargo's motion for summary judgment.

B.    *Robinson's § 51.002 Claim and/or Wrongful-Foreclosure Claim Is Dismissed.*

Robinson asserts a claim under § 51.002 of the TPC for failing to notify Robinson of the foreclosure sale. Doc. 1-4, Original Pet., 3. Wells Fargo argues that Robinson's "claim fails as a matter of law, because § 51.002 does not provide [Robinson] with a private right of action" and

because a wrongful foreclosure claim fails as well. Doc. 34, Def.'s Br., 6–7. The Court agrees and finds that summary judgment is proper on Robinson's § 51.002 and/or wrongful-foreclosure claim.

To start, "[u]nder Texas law, there is no independent cause of action for breach of section 51.002." *Anderson v. CitiMortgage Inc.*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014); *see also, e.g.*, *Ashton v. BAC Home Loan Servicing*, L.P., 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) ("Section 51.002 of the [TPC] . . . does not provide a private right of action."). Instead, "courts have construed claims for violation of section 51.002 as claims for wrongful foreclosure." *Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases). Thus, the Court construes Robinson's § 51.002 claim as asserting a wrongful-foreclosure claim.

The elements of a wrongful-foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Robinson cannot satisfy the first element of his claim. Though he argues that a defect in the foreclosure sale proceedings existed because Wells Fargo "failed to send the required notices in accordance with Section 51.002," Doc. 38, Pl.'s Resp., 6, this argument fails for two reasons.

1.    Robinson was not entitled to notice.

First, Robinson was not entitled to notice. Section 51.002(b) provides that "notice of the [foreclosure] sale . . . must be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage

servicer of the debt, is obligated to pay the debt." However, Robinson was not entitled to the twenty-one-day notice because he was not borrower under the Note or a party to the Security Instrument, and was thus not a debtor for purposes of § 51.002.

"[U]nder Texas law, '[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust." *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (second alteration in original). Wells Fargo's duty to notify "extend[ed] 'to the parties named on the requisite documents as the debtors, and not to other parties, *known or unknown*. Therefore, regardless of whether [Wells Fargo] knew of [Robinson's] interest in the . . . Property, Texas law imposed no requirement for [Wells Fargo] to provide notice to" Robinson if Robinson was not a debtor. *Id.* And the evidence shows that Robinson was not a debtor.

Wells Fargo shows that the borrowers under the Note were the Previous Owners and that Robinson "had not assumed the [l]oan" or "provided the required documentation to assume the [l]oan." Doc. 34, Def.'s Br., 8; *see* Doc. 35, Def.'s App., 2–19. Robinson admits that he was "not a borrower," but argues that he "was considered via public record and [Wells Fargo's] records, a debtor who was obligated to pay the debt." Doc. 38, Pl.'s Resp., 7. In support, Robinson claims that the Previous Owners—"the borrower[s] on the [N]ote"—"submitted a form to Wells Fargo authorizing [Wells Fargo] to correspond and accept mortgage payments from" Robinson and that "Wells Fargo afterwards accepted funds from [Robinson] as payment toward the mortgage of the [P]roperty . . . from February 2014 until October of 2014." *Id.* (citations to exhibits omitted). But these facts do not make Robinson a debtor.

Though Robinson may have "had authority to assume [the] mortgage debt[,] [a]uthority to

- 7 -

assume the mortgage . . . is not actual assumption." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 462 (S.D. Tex. 2012) (applying Texas law). Under Texas law, "[a] purchaser of property securing a mortgage is not obligated to pay the mortgage simply because title is acquired with knowledge or notice of its existence or because the purchaser agreed to take the encumbered property." *Vaughn v. SecurityNational Mortg. Co.*, 2012 WL 3016859, at *3 (Tex. App.—Houston [14th Dist.] July 24, 2012, no pet.) (mem. op.). And a purchaser may "make mortgage payments without assuming the underlying debt[.]" *Brush*, 911 F. Supp. 2d at 462. Thus, the Previous Owners' authorization form and Robinson's payments do not show that Robinson assumed the debt. Instead, Robinson needs to show evidence of an agreement containing "particular language" that shows "an intention to become personally liable for the mortgage debt." *Vaughn*, 2012 WL 3016859, at *3. Such language "may be incorporated in the deed or may be outside of the conveyance" in a separate agreement. *Id.* However, the general warranty deed Robinson provides does not contain any such language, *see generally* Doc. 38-1, Pl.'s Exs., 4–5, and Robinson does not provide any other evidence of an agreement to assume the debt. In light of Robinson's admission that he was "not a borrower," Doc. 38, Pl.'s Resp., 7, and in the absence of evidence demonstrating that he assumed the debt, there is no genuine issue of material fact as to whether Robinson was a debtor—he was not. Accordingly, Robinson was not entitled to notice under § 51.002. *See Rodriguez*, 306 F. App'x at 856.

2.    Regardless of his status, Robinson received notice.

Second, even if Robinson was a debtor for purposes of § 51.002, Wells Fargo argues that Robinson was notified of the foreclosure sale as the TPC requires. Doc. 34, Def.'s Br., 7. Under Texas law, "[s]ervice of notice is complete when the notice is sent via certified mail. . . . There is no requirement that [Robinson] receive the notice." *Martins*, 722 F.3d at 256 (citing Tex. Prop. Code

- 8 -

§ 51.002(e)); *see also Dixon v. Bank of N.Y. Mellon*, 2014 WL 2991742, at *7 (N.D. Tex. July 3, 2014); *Santiago v. BAC Home Loan Servicing, L.P.*, 20 F. Supp. 3d 585, 590 (W.D. Tex. 2014). Thus, while Robinson argues that "the foreclosure documents should contain either a signed returned receipt, or receipt showing that the certified mail was undeliverable," Doc. 38, Pl.'s Resp., 8, Texas law does not require as much.

Wells Fargo provides a copy of the Constable's Deed, wherein the Constable for Dallas County Precinct 1 attests that she "mailed a copy of the notice certified to the last known address of" Robinson as well as the Previous Owners. Doc. 35, Def.'s App., 33. And as Wells Fargo points out, "[t]he address for [Robinson] set forth in the Constable's Deed is the same as the address listed by [Robinson] in [Robinson's] Original Petition." Doc. 34, Def.'s Br., 7; *see* Doc. 35, Def.'s App., 33; Doc. 1-4, Original Pet., 2. The Constable mailed the notice via certified mail on July 26, 2017. Doc. 35, Def.'s App., 32. Therefore, even if Robinson were entitled to notice, Wells Fargo provides competent evidence to show that notice was properly served on Robinson pursuant to § 51.002.

Robinson does not allege any other defect in the foreclosure sale proceedings than the lack of notice. *See generally* Doc. 1-4, Original Pet.; Doc. 38, Pl.'s Resp. Indeed, as Robinson states, "[t]he only issue is that [Robinson's] notice was never mailed to him." Doc. 38, Pl.'s Resp., 7. Because Robinson was not entitled to notice, yet nonetheless received proper notice, he cannot prove a defect in the foreclosure sale proceedings. Thus, Robinson may not succeed on his wrongful foreclosure claim as a matter of law and the Court **GRANTS** summary judgment in favor of Wells Fargo. *Little*, 37 F.3d at 1076.

C.     *Robinson's Claim to Title Is Dismissed.*

Wells Fargo seeks summary judgment on Robinson's claim to title of the Property. Doc. 34,

Def.'s Br., 11. Robinson does not address this issue in his response. *See generally* Doc. 38, Pl.'s Resp. Though Robinson's petition does not explicitly state that it asserts an action for trespass to title or a suit to quiet title, the Court considers these claims to be asserted, as Robinson's petition seeks "[r]eturn of [the] [P]roperty[.]" Doc. 1-4, Original Pet., 5. "Both of these causes of action require that the plaintiff establish superior title as an element of his claim . . . ." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). Additionally, both causes of action require a plaintiff to "rely upon the strength of his own title, not upon the weakness of the defendant's." *Id.* And because Robinson cannot establish superior title, summary judgment is proper on his claim to title.

Robinson gained title to the Property through a general warranty deed from the Previous Owners. *See* Doc. 38-1, Pl.'s Exs., 4–5. There is no dispute that Robinson took the Property subject to the Security Interest lien. Indeed, Robinson's arguments logically show his acknowledgment that the Property was subject to the lien at the time he purchased it from the previous owner. For example, Robinson's argument that, upon purchasing the Property, he "was considered . . . a debtor who was obligated to pay the debt" shows that he understood that he took the Property subject to Wells Fargo's lien. *See* Doc. 38, Pl.'s Resp., 7. And Robinson does not provide evidence to suggest that he has a superior right to the title of the Property. *See generally id.*

"Generally, the earlier title emanating from a common source is better title and superior to others." *Casstevens v. Smith*, 269 S.W.3d 222, 235 (Tex. App.—Texarkana, 2008, no pet.) (quoting *Diversified, Inc. v. Hall*, 23 S.W.3d 403, 406 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The copy of the Security Instrument provided by Wells Fargo shows that it was executed on October 26, 2005, and recorded on November 2, 2005. Doc. 35, Def.'s App., 2–19. Robinson's deed and the

judgment validating that deed show that Robinson took title of the Property on January 17, 2014. Doc. 38-1, Pl.'s Exs., 4–5, 14. Thus, Wells Fargo held the earlier title and Robinson took the Property "subject to the prior, superior first lien of" Wells Fargo. *Casstevens*, 269 S.W.3d at 229. And due to Wells Fargo's superior title, Robinson's "chain of title was cut off by" the foreclosure sale of the Property. *See id.* at 235. The party that purchased the Property at the foreclosure sale thus holds the superior title to the Property as a matter of law. *See id.* Accordingly, the Court may not grant Robinson's request to return the Property to him, and **GRANTS** summary judgment in favor of Wells Fargo on Robinson's claim to title.

D.    *Robinson's Request for Attorneys' Fees Is Denied.*

Finally, Wells Fargo seeks to dismiss Robinson's "[r]equests for [e]quitable, [d]eclaratory and [m]onetary [r]elief" as well as his request for attorneys' fees. Doc. 34, Def.'s Br., 13. Robinson does not address this argument in his response. *See generally* Doc. 38, Pl.'s Resp.

To start, the Court does not construe Robinson's petition as asserting claims for equitable or declaratory relief, and thus will not address those issues. *See generally* Doc. 1-4, Original Pet. However, Robinson does request "$6000 in attorney[s'] fees[.]" *Id.* at 4. Because Robinson does not assert a claim on which he can prevail, his request for attorneys' fees is **DENIED**. *See, e.g., Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

E.    *Robinson's Motion to Withdraw Deemed Admissions Is Moot.*

On July 28, 2021, Robinson moved to withdraw deemed admissions that resulted from his failure to respond to Wells Fargo's request for admissions. *See generally* Doc. 37, Pl.'s Mot. However, in reaching its conclusions in this Order, the Court did not rely upon any of the deemed admissions. And because this Order disposes of this case, Robinson's motion to withdraw (Doc. 37) is **MOOT**.

## IV.

## CONCLUSION

For the reasons stated above, the Court finds that summary judgment is proper on all of Robinson's claims against Wells Fargo. Accordingly, the Court **GRANTS** Wells Fargo's motion for summary judgment (Doc. 33) and **DISMISSES** Robinson's petition **WITH PREJUDICE**. Further, Robinson's motion to strike, as set forth in his response, Doc. 38, Pl.'s Resp., 2–3, is **DENIED**. Finally, Robinson's Motion to Withdraw Deemed Admissions (Doc. 37) is **MOOT**.

SO ORDERED.

SIGNED: September 1, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 12 -